IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00883-BNB

GEOFFREY DEL RANTZ,

    Applicant,

v.

STEVE HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER

    This matter is before the court on the "Request for the Court to Change the Petitioner/Applicant's Filed Habeas Corpus Petition to 'Next Friend' Status" (ECF No. 10) filed by Applicant, Geoffrey Del Rantz, and his mother, Debra Pribbenow. Applicant is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Arkansas Valley Correctional Facility in Ordway, Colorado.

    Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of a state court conviction. On April 8, 2013, the court ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On May 29, 2013, Respondents filed their Pre-Answer Response (ECF No. 13) arguing that this action is untimely and that some of Applicant's claims are unexhausted and procedurally

defaulted.

Applicant and his mother allege in the "Request for the Court to Change the Petitioner/Applicant's Filed Habeas Corpus Petition to 'Next Friend' Status" that Applicant "is a mentally ill individual who suffers from chronic symptoms of these disorders" and that he is classified by the DOC "as a P-3(c), which is the highest form of mental disability in the prison population." (ECF No. 10 at 2.) Applicant and his mother further allege that, as a result of Applicant's symptoms and the side effects of his prescribed medications, he "cannot be relied upon or trusted to make the needed critical decisions in his Habeas Petition." (ECF No. 10 at 5.) Therefore, Applicant and his mother ask that she be allowed to prosecute this action on Applicant's behalf as his next friend. According to Applicant and his mother, she "is the one who completed the original Habeas Corpus Petition on the Petitioner's behalf with the petitioner's consent." (ECF No. 10 at 4.)

Applicant is correct that habeas corpus relief may be sought in federal court by a person acting as next friend to the real party in interest. *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, standing under § 2242 is not granted automatically to everyone seeking to proceed on another's behalf. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The requirements that must be met to have standing to litigate a habeas corpus action on behalf of another person under § 2242 include the following:

> First, a "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action.

  Second, the "next friend" must be truly dedicated to the best interests of
  the person on whose behalf he seeks to litigate.

*Id.* It also has been suggested that a "next friend" must have some significant relationship with the real party in interest. *Id.* at 163-64.

  Even assuming Applicant's mother could meet these standing requirements, which the court does not address, the motion for next friend status will be denied because Applicant's mother may not act as Applicant's next friend unless she is represented by counsel. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) (holding that a minor child cannot bring suit through a parent acting as next friend unless the parent is represented by counsel). The motion will be denied without prejudice to being refiled by counsel. Accordingly, it is

  ORDERED that the "Request for the Court to Change the Petitioner/Applicant's Filed Habeas Corpus Petition to 'Next Friend' Status" (ECF No. 10) is DENIED without prejudice.

  DATED June 5, 2013, at Denver, Colorado.

               BY THE COURT:

                s/ Boyd N. Boland
               United States Magistrate Judge