IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00883-BNB

GEOFFREY DEL RANTZ,

     Applicant,

v.

STEVE HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

_____

ORDER OF DISMISSAL

_____

     Applicant, Geoffrey Del Rantz, is a prisoner in the custody of the Colorado

Department of Corrections at the Arkansas Valley Correctional Facility in Crowley,

Colorado.  Mr. Rantz has filed *pro se* an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  He is challenging the validity of his

conviction and sentence in El Paso County District Court case number 01CR4048.

     On April 8, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file

a Pre-Answer Response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in

this action.  On May 29, 2013, Respondents filed their Pre-Answer Response (ECF No.

9) arguing that the application is untimely and that some of Mr. Rantz's claims are

unexhausted and procedurally barred.  On July 23, 2013, Mr. Rantz filed Applicant's

Reply to Respondents' Pre-Answer Response (ECF No. 14) arguing in part that the

application is timely because the one-year limitation period should be equitably tolled.
On July 26, 2013, Magistrate Judge Boland entered an order giving Respondents an
opportunity to file a supplement to the Pre-Answer Response that addresses Mr.
Rantz's equitable tolling arguments.  On August 14, 2013, Respondents filed a
Supplement to Pre-Answer Response (ECF No. 16).  On September 24, 2013, Mr.
Rantz filed Applicant's Reply to Respondents' Supplement to Their Pre-Answer
Response (ECF No. 19).

The Court must construe the application and other papers filed by Mr. Rantz
liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S.
519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However,
the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.
For the reasons stated below, the Court will dismiss the action.

The factual and procedural history of Mr. Rantz's convictions, direct appeal, and
initial postconviction motions was described by the Colorado Court of Appeals as
follows:

> According to the People's evidence at trial, defendant
> sexually assaulted two youths after persuading their families
> that he was qualified to provide them with counseling
> services.  A jury convicted defendant of four counts of sexual
> assault on a child by one in a position of trust, two counts of
> sexual assault on a child, theft, contributing to the
> delinquency of a minor, criminal impersonation, false
> reporting, and practicing psychotherapy without a license.
> He was sentenced to several concurrent and consecutive
> prison terms, ultimately resulting in an indeterminate forty-
> year sentence.
>
> Following his conviction, defendant moved for a new
> trial.  However, the motion was not ruled upon, and
> defendant subsequently filed a direct appeal of his

>convictions.  While his appeal was pending, he asked for the
>case to be remanded so that he could file a Crim. P. 35(c)
>motion and have his motion for new trial decided.  Upon
>remand, defendant filed his first Crim. P. 35(c) motion and
>supplemented his motion for new trial.  After hearing
>evidence and argument on the motions, the trial court denied
>both motions.
>
>On appeal, a division of this court affirmed
>defendant's convictions and the trial court's order denying
>defendant's motions, but vacated his sentence and
>remanded for a new sentencing hearing.  *People v. Rantz*,
>(Colo. App. No. 02CA2120, Apr. 20, 2006) (not published
>pursuant to C.A.R. 35(f)) (*Rantz I*).  On remand, the trial
>court resentenced defendant to the same indeterminate
>forty-year term.

*People v. Rantz*, No. 10CA2276, slip op. at 1-2 (Colo. App. Apr. 26, 2012) (unpublished)

(*Rantz II*) (ECF No. 9-11 at 2-3).  Mr. Rantz's resentencing following the remand in

*Rantz I* took place on February 9, 2007.  (*See* ECF No. 9-1 at 21.)  Mr. Rantz did not

appeal following the resentencing.

On June 8, 2007, counsel for Mr. Rantz filed in the trial court a motion requesting

an extension of time to file a motion for sentence reconsideration pursuant to Rule 35(b)

of the Colorado Rules of Criminal Procedure.  (*See id.*)  The state court docketing

records do not reflect that a substantive postconviction Rule 35(b) motion ever was

filed.

On September 27, 2007, Mr. Rantz filed a second postconviction Rule 35(c)

motion *pro se* "which the trial court declined to rule on because defendant was

represented by counsel at the time of filing."  *Rantz II*, slip op. at 2 (ECF No. 9-11 at 3).

The trial court's order declining to address the second postconviction Rule 35(c) motion

was entered October 1, 2007.  (*See* ECF No. 9-1 at 20.)  On October 2, 2007, counsel

3

for Mr. Rantz moved to withdraw and counsel's motion to withdraw apparently was granted on October 24, 2007. (*See id.*) On November 6, 2007, Mr. Rantz filed a motion to disqualify the trial court that was denied on November 8, 2007. (*See id.*) On November 19, 2007, Mr. Rantz filed a motion for appointment of counsel that the trial court denied on February 11, 2008. (*See id.*)

Following the denial of his motion for appointment of counsel in February 2008, the state court docketing records indicate that Mr. Rantz made no further filings in the trial court until June 17, 2010, when he filed a third postconviction Rule 35(c) motion and a motion for review of filings. (*See id.* at 19-20.) "The trial court summarily denied the [third Rule 35(c)] motion in a written order, finding many of his claims successive and determining that the remaining claims provided no basis for relief." *Rantz II*, slip op. at 2 (ECF No. 9-11 at 3). The trial court entered its order denying the third Rule 35(c) motion on October 29, 2010, and Respondents have submitted a copy of that order with their Pre-Answer Response. (*See* ECF No. 9-3.) The trial court's order denying the third Rule 35(c) motion was affirmed on appeal in *Rantz II*. (*See* ECF No. 9-11). On February 19, 2013, the Colorado Supreme Court denied Mr. Rantz's petition for writ of certiorari in the state court postconviction proceedings. (*See* ECF No. 9-13.)

Mr. Rantz filed the instant habeas corpus application on April 5, 2013, and he raises twelve claims for relief including a number of claims with subparts. Mr. Rantz specifically asserts the following claims:

1.      Trial counsel had an actual conflict of interest.

2.      Trial counsel was ineffective (a) by laboring under a conflict of interest; (b) failing to call a key witness to testify; (c) failing to provide adequate advice regarding a plea offer; (d) failing to investigate newly discovered evidence;

and (e) because of additional errors creating prejudice.

3.  Mr. Rantz was (a) incompetent to proceed at trial and (b) denied counsel during the state court postconviction proceedings.

4.  Postconviction and appellate counsel rendered ineffective assistance.

5.  The prosecution committed misconduct as a result of (a) discovery and *Brady* violations; (b) a conflict of interest; (c) the presentation of inflammatory photographs; and (d) the presentation of knowingly questionable testimony.

6.  The trial court's refusal to recuse itself divested the court of jurisdiction.

7.  The Colorado Lifetime Supervision Act of 1998 is illegal and unconstitutional.

8.  The trial court erred in admitting evidence of prior bad acts.

9.  The trial court violated Mr. Rantz's right to confrontation.

10. Mr. Rantz's sentence is unconstitutional because (a) the trial court made findings of fact that resulted in a sentence in the aggravated range; (b) the sentence is excessive and disproportionate; (c) the sentence was imposed under an impermissible legal standard; and (d) the sentence is based on incomplete information.

11. The Colorado trial and appellate courts made erroneous findings prior to trial, at trial, on direct appeal, and in postconviction proceedings.

12. Cumulative error.

The Court notes initially that parts of three of these claims may not be raised in this habeas corpus action because they relate only to state court postconviction proceedings and do not raise any federal constitutional issues.  In particular, Mr. Rantz contends in claim 3(b) that he was denied counsel during postconviction proceedings; contends in claim 4 that postconviction counsel was ineffective; and contends in claim 11 that the state courts made erroneous findings in postconviction proceedings. However, there is no federal constitutional right to postconviction review in the state

courts.  *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987).  Thus, a claim of

constitutional error that "focuses only on the State's post-conviction remedy and not the

judgment which provides the basis for [the applicant's] incarceration . . . states no

cognizable federal habeas claim."  *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir.

1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that

petitioner's challenge to state "post-conviction procedures on their face and as applied

to him would fail to state a federal constitutional claim cognizable in a federal habeas

proceeding").  Therefore, Mr. Rantz's claims that he was denied counsel during

postconviction proceedings in claim 3(b); that he was denied the effective assistance of

postconviction counsel in claim 4; and that the state courts made erroneous findings in

postconviction proceedings in claim 11 will be dismissed for failure to present a

cognizable federal constitutional issue.

The Court next will address the affirmative defenses raised by Respondents in

their Pre-Answer Response.  Respondents first argue that the entire action is untimely

because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That

statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of–
>
> > (A)  the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing
> > an application created by State action in
> > violation of the Constitution or laws of the
> > United States is removed, if the applicant was

> prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Rantz's conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

As noted above, Mr. Rantz was resentenced on February 9, 2007, following the remand in *Rantz I.*  Because Mr. Rantz did not file an appeal following the resentencing on February 9, 2007, Respondents assert that the judgment of conviction became final on March 26, 2007, when the time to file an appeal expired.  Mr. Rantz does not dispute Respondents' assertion that the judgment of conviction became final on March 26, 2007.  Although Mr. Rantz references the fact that the United States Supreme Court

denied his petition for writ of certiorari on direct appeal on February 20, 2007, *see Rantz v. Colorado*, 549 U.S. 1212 (2007), the denial of his petition for writ of certiorari does not affect the date on which the judgment of conviction became final because it occurred prior to March 26, 2007.

The Court also finds that the one-year limitation period began to run on March 26, 2007, because Mr. Rantz does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he does not argue that he did not know or could not have discovered the factual predicate for his federal constitutional claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer is whether the one-year limitation period was tolled for any period of time. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

8

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Mr. Rantz first argues that the one-year limitation period was tolled while a postconviction Rule 35(b) motion for sentence reconsideration was pending. This argument lacks merit because, as set forth above, there is no indication in the state court docketing records that Mr. Rantz ever filed a substantive Rule 35(b) motion. Although Mr. Rantz filed in the trial court a motion for an extension of time to file a Rule 35(b) motion on June 8, 2007, he does not allege, and there is no indication in the record before the Court, that the motion for extension of time to file a Rule 35(b) motion included any substantive claims for relief. Therefore, the Court finds that the June 8, 2007 motion for an extension of time did not toll the one-year limitation period. *See, e.g., May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (finding that postconviction motions for transcripts and petitions for writs of mandamus relating to those motions do not toll the one-year limitation period pursuant to § 2244(d)(2)); *Pursley v. Estep*, 216 F. App'x 733, 734 (10th Cir. 2007) (finding that motions for appointment of counsel in

postconviction proceedings pursuant to Colorado Rule 35(c) that did not state adequate factual or legal grounds for relief did not toll the one-year limitation period).  For the same reason, the motion to disqualify the trial court Mr. Rantz filed on November 6, 2007, and the motion for appointment of counsel Mr. Rantz filed on November 19, 2007, also did not toll the one-year limitation period.

Mr. Rantz also filed three Rule 35(c) motions.  However, the first Rule 35(c) motion did not toll the one-year limitation period because that motion was filed and resolved before the one-year limitation period began to run on March 26, 2007.

Mr. Rantz filed the second postconviction Rule 35(c) motion on September 27, 2007.  According to Mr. Rantz, the one-year limitation period was tolled from September 27, 2007, until February 19, 2013, because, after filing the second Rule 35(c) motion on September 27, 2007, he filed several motions over the next few years in an effort to have the trial court take action on his postconviction motion; the trial court finally took action on his postconviction filings on October 29, 2010; Mr. Rantz appealed from the trial court's October 29, 2010 order; and the Colorado Supreme Court denied his petition for writ of certiorari in the state court postconviction proceedings on February 19, 2013.  If Mr. Rantz is correct that the one-year limitation period was tolled from September 27, 2007, through February 19, 2013, it appears that the instant action would be timely because the only time that would count against the one-year limitation period is the time between March 2007, when the one-year period began to run, and September 2007, when the second Rule 35(c) motion was filed; and the time between February 19, 2013, when the Colorado Supreme Court denied certiorari review in the state court postconviction proceedings, and April 5, 2013, when the instant action was

filed.  These two periods of untolled time add up to approximately seven and one-half months.

The Court does not agree with Mr. Rantz that the one-year limitation period was tolled pursuant to § 2244(d)(2) based on the second Rule 35(c) motion he filed *pro se* on September 27, 2007.  As noted above, the trial court entered an order on October 1, 2007, declining to rule on the second Rule 35(c) motion "because defendant was represented by counsel at the time of filing."  *Rantz II*, slip op. at 2 (ECF No. 9-11 at 3). The trial court's October 1 order was based on the fact that Colorado does not recognize any form of hybrid representation.  *See Downey v. People*, 25 P.3d 1200, 1206 (Colo. 2001) (Coats, J., specially concurring).  Therefore, the Court finds that the second Rule 35(c) motion filed *pro se* on September 27, 2007, was not properly filed and did not toll the one-year limitation period pursuant to § 2244(d)(2).  Mr Rantz's arguments that the second Rule 35(c) motion filed *pro se* on September 27, 2007, was properly filed under Colorado law do not persuade the Court otherwise.

Respondents also contend that, even assuming the second Rule 35(c) motion filed *pro se* on September 27, 2007, was properly filed under state law and remained pending after the trial court's October 1 order declining to rule on that motion, the motion must be deemed abandoned at some point because Mr. Rantz took no action in his criminal case from February 11, 2008, when his motion for appointment of counsel was denied, until June 17, 2010, when he filed his third postconviction Rule 35(c) motion and the motion for review of filings.  Mr. Rantz counters that he did not abandon the second Rule 35(c) motion filed on September 27, 2007, because he "filed numerous motions, had family and friends calling the court, and even filed a judicial complaint with

11

the Colorado Commission on Judicial Discipline all in an attempt to have action taken on his 35(c)." (ECF No. 14 at 6.) For the reasons discussed below, the Court agrees with Respondents that the second Rule 35(c) motion filed *pro se* on September 27, 2007, must be deemed abandoned if that motion remained pending after October 1, 2007.

Under Colorado law with respect to postconviction motions prior to 2004, it was "the responsibility of the court to rule on the motion within a reasonable time after its filing." *People v. Fuqua*, 764 P.2d 56, 61 (Colo. 1988) (addressing a postconviction Rule 35(b) motion for reduction of sentence); *see also People v. Valdez*, 178 P.3d 1269, 1281 (Colo. App. 2007) (applying *Fuqua* in a case involving a Rule 35(c) motion). However,

> [w]hen the sentencing court fails to act on a timely filed [postconviction] motion . . . within a reasonable period of time, it then becomes the defendant's obligation to make reasonable efforts to secure an expeditious ruling on the motion. In the absence of any reasonable effort by the defendant to obtain an expeditious ruling, the motion . . . should be deemed abandoned.

*Fuqua*, 764 P.2d at 61. In 2004, Colorado Rule of Criminal Procedure 35(c)(3)(IV) was amended to add a requirement that a district court "promptly review" a Rule 35(c) motion and complete its review within a specified period of time, originally sixty days and now sixty-three days, or set a new date for completing its review and notify the parties of that date. *See People v. Osorio*, 170 P.3d 796, 798 (Colo. App. 2007).

The record before the Court reveals that the trial court promptly acted on the second Rule 35(c) motion Mr. Rantz filed *pro se* on September 27, 2007. To reiterate, on October 1, 2007, the trial court entered an order declining to rule on that motion "because defendant was represented by counsel at the time of filing." *Rantz II*, slip op.

12

at 2 (ECF No. 9-11 at 3).  The next day, October 2, 2007, counsel for Mr. Rantz moved

to withdraw and the motion to withdraw apparently was granted on October 24, 2007.

(*See* ECF No. 9-1 at 20.)  However, Mr. Rantz did not refile the *pro se* Rule 35(c) after

counsel withdrew, and he did not file any motion raising substantive claims challenging

the validity of his conviction or sentence until he filed his third Rule 35(c) motion on

June 17, 2010.  Even accepting Mr. Rantz's assertion that he believed the second Rule

35(c) motion filed *pro se* on September 27, 2007, remained pending despite the trial

court's October 1, 2007 order, the state court docketing records indicate that he took no

further action to obtain a ruling on that motion until June 17, 2010, when he filed the

third Rule 35(c) motion and a motion for review of filings.  (*See* ECF No. 9-1 at 19.)

Under these circumstances, the Court finds that Mr. Rantz abandoned the

second Rule 35(c) motion filed *pro se* on September 27, 2007, by failing "to make

reasonable efforts to secure an expeditious ruling on the motion."  *Fuqua*, 764 P.2d at

61.  In other words, Mr. Rantz's inaction in response to the trial court's October 1 order

advising Mr. Rantz that it would take no action on the second Rule 35(c) motion filed *pro*

*se* on September 27, 2007, demonstrates he was not "attempting, through proper use of

state court procedures, to exhaust state court remedies."  *Barnett*, 167 F.3d at 1323.

Mr. Rantz's assertion that the third Rule 35(c) motion filed more than two years later in

June 2010 was merely a reassertion of the second Rule 35(c) motion filed in September

2007 does not demonstrate that he sought an expeditious ruling.  His argument that the

trial court must have perceived the third 35(c) motion to be a continuation of the second

Rule 35(c) motion because the third Rule 35(c) motion was not denied as untimely

under state law also does not persuade the Court that the second Rule 35(c) motion

remained pending until June 2010.

The next question is whether an abandoned state court postconviction motion tolls the one-year limitation period. In *Wood v. Milyard*, 403 F. App'x 335 (10th Cir. 2010), *overruled on other grounds*, 132 S. Ct. 1826 (2012), the Tenth Circuit indicated that a Colorado Rule 35(c) motion that subsequently is abandoned will toll the one-year limitation period until abandoned because, upon abandonment, "AEDPA's tolling provision will deactivate, and the limitations period will run." *Wood*, 403 F. App'x at 339. However, in *Stevens v. Medina*, 438 F. App'x 700, 704 (10th Cir. 2011), the Tenth Circuit determined that an abandoned Rule 35(c) motion in Colorado was not a properly filed application for postconviction relief and did not toll the one-year limitation period for any period of time.

Even if the Court assumes that the second Rule 35(c) motion filed *pro se* on September 27, 2007, was properly filed under state law, remained pending after October 1, 2007, and tolled the one-year limitation period for a period of time during which Mr. Rantz failed to make any reasonable effort to obtain an expeditious ruling, the Court concludes that the motion must be deemed abandoned no later than September 2008, which is one year after it was filed and more than six months after Mr. Rantz's motion for appointment of counsel had been denied. Thus, the one-year limitation period began to run again no later than September 2008 and expired before Mr. Rantz filed the third Rule 35(c) motion in June 2010.

There is no dispute that Mr. Rantz filed a third postconviction Rule 35(c) motion in the trial court on June 17, 2010. However, because the third Rule 35(c) motion was filed after the one-year limitation period already had expired, the third Rule 35(c) motion

14

did not toll the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714

(10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-

year limitation period only if they are filed within the one-year limitation period).

Therefore, the instant action is barred by the one-year limitation period in the absence

of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled

for equitable reasons.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally,

equitable tolling is appropriate if the petitioner shows both "that he has been pursuing

his rights diligently" and "that some extraordinary circumstance stood in his way" and

prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable

neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808.

Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner

must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"

*Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Rantz argues that the one-year limitation period should be equitably tolled

because his second Rule 35(c) motion filed *pro se* on September 27, 2007, was allowed

to languish for an unreasonable amount of time without just cause and because he is

mentally incompetent.  Because Mr. Rantz actually filed *pro se* Rule 35(c) motions in

the trial court in September 2007 and June 2010 and pursued appeals from the denial

of the June 2010 motion until February 2013, the parties focus their equitable tolling

arguments on the period from 2008 to 2010.  The Court agrees that the period from

2008 to 2010 is the critical period of time in determining whether equitable tolling is

15

appropriate.

Mr. Rantz's argument that equitable tolling is appropriate because the second Rule 35(c) motion filed *pro se* on September 27, 2007, was allowed to languish for an unreasonable amount of time without just cause lacks merit for the same reasons discussed above in the context of statutory tolling pursuant to § 2244(d)(2).  To reiterate, even assuming the second Rule 35(c) motion filed *pro se* on September 27, 2007, was properly filed under state law and remained pending for an unreasonable amount of time, it was Mr. Rantz who failed to take action in the trial court to obtain a ruling and allowed the motion to languish.

The Court also finds that Mr. Rantz's asserted incompetency does not justify equitable tolling of the one-year limitation period.  The Tenth Circuit "has yet to apply equitable tolling on the basis of mental incapacity."  *McCall v. Wyo. Attorney General*, 339 F. App'x 848, 850 (10th Cir. 2009).  Assuming mental incapacity could justify equitable tolling, "[e]quitable tolling of a limitations period based on mental incapacity is warranted only in 'exceptional circumstances' that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity."  *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) (quoting *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)).

Mr. Rantz does not allege that he has been adjudicated incompetent or that he has been institutionalized for mental incapacity during the relevant period of time. Instead, he relies on other circumstances regarding his mental capacity that allegedly demonstrate he was incapable of pursuing his own claims.  In particular, Mr. Rantz

16

contends that he suffers from bipolar disorder, generalized anxiety disorder, post-traumatic stress disorder, hypothyroidism causing mood disruption, and a vitamin-B deficiency causing mood disruption and that he takes numerous medications to treat these disorders.  According to Mr. Rantz, these disorders and the medications he takes to treat them have resulted in impaired cognitive functioning and thinking, extreme drowsiness, hallucinations/delusions, memory problems, delayed reactions, extreme anxiety, confusion, irritability/agitation, emotional disruption and change, loss of coordination, lack of energy and motivation, crying spurts, extreme nervousness, depersonalization, and trouble sleeping.  Mr. Rantz specifically alleges that, because of his mental incompetency, he has not personally prepared any of his *pro se* filings in state or federal court and that all of his "previous legal work was done by hired counsel, family or by jailhouse lawyers."  (ECF No. 19 at 13.)

The Court is not persuaded that equitable tolling is justified on the facts of this case because Mr. Rantz fails to demonstrate he was prevented from pursuing his federal claims in a timely manner due to mental incapacity or that he pursued his claims diligently.  Most importantly, Mr. Rantz actually was represented by counsel for at least part of the relevant time period.  In particular, Mr. Rantz alleges that his "family had hired, on a limited basis, the services of a new lawyer, Jessica West, to help guide and direct them on how to file a the [sic] 35(c) post-conviction motion."  (*See* ECF No. 14 at 3; *see also* ECF No. 19 at 6.)  The state court docketing records confirm this fact because Jessica L. West filed in the trial court on October 17, 2007, a certification indicating that she was providing limited representation.  (*See* ECF No. 9-1 at 20.)  Mr. Rantz also alleges that Ms. West provided further assistance during the relevant time

17

period because, after being retained again, she advised his family to file on his behalf the motion seeking review of filings and the third Rule 35(c) motion that ultimately were filed in June 2010. (*See* ECF No. 19 at 7, 10.)  Finally, Mr. Rantz makes no allegation that Ms. West did not provide effective assistance.  Therefore, even if Ms. West provided only limited assistance and Mr. Rantz was not represented by Ms. West for the entire period from 2008 to 2010, the fact that he had counsel assisting him for some portion of that time undermines his argument that the one-year limitation period should be equitably tolled.

Furthermore, in addition to being represented by counsel, Mr. Rantz concedes that he received significant assistance in pursuing his postconviction claims from his family and other inmates.  The fact that such assistance was available and actually utilized by Mr. Rantz during the relevant time period is significant because "[t]he availability of assistance is an important element to a court's diligence analysis" and is "highly relevant to the question of whether a petitioner's mental condition made it impossible to file a timely petition."  *Bills v. Clark*, 628 F.3d 1092, 1101 (9th Cir. 2010). "With respect to the necessary diligence, the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available."  *Id.*  Although Mr. Rantz alleges that his parents experienced their own financial and personal hardships during the period from 2008 to 2010 and that he was moved among DOC facilities during the period from 2008 to 2010 resulting in additional instability and loss of access to jailhouse lawyers, these allegations do not demonstrate that Mr. Rantz lacked assistance throughout the relevant time period.  In fact, according to Mr. Rantz, his advocates continuously pursued his postconviction claims by "filing motions, calling the

18

court, and ultimately filing a judicial complaint." (ECF No. 19 at 10.) Under these circumstances, which demonstrate significant assistance was available to Mr. Rantz and actually utilized by him to pursue his legal claims, equitable tolling is not appropriate. *See Smith v. Saffle*, 28 F. App'x 759 (10th Cir. 2001) (finding equitable tolling based on mental incapacity is not available "where the party urging tolling has been able to pursue legal action during the period of his or her alleged incapacity").

The fact that Mr. Rantz managed to file the third Rule 35(c) motion in June 2010, and to litigate that motion in the trial court and on appeal over the course of more than two years, further undermines his argument that equitable tolling is appropriate. *See Hendricks v. Howard*, 284 F. App'x 590, 591 (10th Cir. 2008) (rejecting equitable tolling argument premised on mental incapacity in part because prisoner had not been adjudicated incompetent or institutionalized for mental incapacity and was able to pursue postconviction relief in state court shortly after the one-year limitation period expired). In particular, Mr. Rantz does not allege any facts that indicate his mental condition was different or better beginning in 2010 when his postconviction claims actually were raised in state court as compared to the prior period of inactivity from 2008 to 2010. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (affirming district court order rejecting prisoner's argument that physical and mental disabilities constituted an extraordinary circumstance because he managed to prepare and file two state habeas petitions and he failed to allege that his physical or mental condition was significantly worse during period when no state court petition was pending).

For all of these reasons, the Court finds no basis for equitable tolling in this action.

19

In conclusion, to the extent Mr. Rantz contends he was denied counsel during postconviction proceedings in claim 3(b), that he was denied the effective assistance of postconviction counsel in claim 4, and that the state courts made erroneous findings in postconviction proceedings in claim 11, those claims will be dismissed because they do not raise cognizable federal constitutional issues.  Mr. Rantz's federal constitutional claims will be dismissed as barred by the one-year limitation period.  Because the Court finds that all of Mr. Rantz's federal constitutional claims are untimely, the Court need not address Respondents' additional argument that some of those claims also are unexhausted and procedurally barred.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for the reasons stated in this order.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this _17th_ day of __October_____, 2013.

BY THE COURT:

  s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court